Stewart *et al.* v. State.[*]

(Division B. Nov. 5, 1928.)

[118 So. 626. No. 27438.]

*Corpus Juris-Cyc. References: Criminal Law, 17CJ, section 3330, p. 53, n. 90.

*Ross, Backstrom & Bickerstaff,* for appellants.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

ANDERSON, J. The appellants were convicted in the county court of Harrison county of the crime of unlawfully possessing intoxicating liquor, and appealed to the circuit court of that county where the judgment of the county court was affirmed. From the judgment of the latter court, the appellants prosecute this appeal.

There is only one question raised on this appeal, and this question was not raised in either the county court or the circuit court so far as the record in the case shows. The question is the sufficiency of the indictment charging the offense, which indictment, omitting its formal parts, is in this language:

"Now comes D. M. Graham, Jr., county prosecuting attorney in and for Harrison county, who in the name and by the authority of the state of Mississippi prosecutes for and on behalf of the state of Mississippi, in his proper person, now comes into the county court for the county of Harrison and the state of Mississippi, and says under oath that he gives the court here to understand and be informed that it is his information and belief that R. L. Stewart and J. M. Stewart in said county and state aforesaid, on or about the 1st day of April, 1928, did wilfully and unlawfully have in their possession intoxicating liquor, contrary to the Statute in such cases made and provided, and against the peace and dignity of the state of Mississippi."

It will be observed from the affidavit that it failed to charge the crime in direct terms. The affidavit, as shown on its face, was based on information and belief, but failed to charge, as it should have done, the fact based upon information and belief, that appellants willfully and unlawfully had in their possession intoxicating liquor. Putting it differently, the affidavit charged that the affiant had been informed that appellants did willfully and unlawfully have in their possession intoxicating liquor. Appellants' position is that the affidavit was void, that it charged no offense whatever under the law, and therefore the question of its sufficiency can be raised for the first time in this court. Appellee's contention is that the affidavit was not void, but only charged the offense defectively, and, under the statute, section 1413, Code 1906 (Hemingway's 1927 Code, section 1229), was amendable in the county court; and, for that reason, under the law, the question of its sufficiency cannot be raised in this court for the first time.

Section 1413, Code 1906 (Hemingway's 1927 Code, section 1229), provides, among other things, that no verdict or judgment shall be arrested, reversed, or annulled, after the same has been rendered, for any defect of form which might have been taken advantage of before verdict and which was not so availed of. The affidavit was not void. It is true that the defense was charged in a defective manner, but the defect was amendable. The sufficiency of the affidavit, under the statute, should have been raised by appellants in the county court. Having failed to do so, it cannot be raised for the first time in this court.

*Affirmed.*